UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-0163-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| JAMARION YOUNG | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is a "Motion For Reconsideration/Amended Sentence" filed pro se by the defendant, Jamarion Young ("Young"). See Record Document 40. The Government opposes the motion, arguing that the motion is essentially a motion for compassionate release and that Young has not exhausted his administrative remedies. See Record Document 45. This Court agrees and will construe Young's request as a motion for compassionate release. Based on the following, the motion is **DENIED** as premature.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3582(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The compassionate release statute, further provides, in pertinent part:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A). The exhaustion of administrative remedies requirement is a "paradigmatic mandatory claim-processing rule" that must be enforced if raised by the Government. United States v. Franco, 973 F.3d 465, 467-68 (5th Cir. 2020). "There is nothing extraordinary or compelling that convinces the court to ignore the requirement that [Young] first make his request to the Warden of the facility." United States v. Nathan Burl Cain, No. 1:17-CR-0204-01, at *4 (W.D. La. Apr. 8, 2020); Franco, 973 F.3d at 469 ("Those who seek a motion for compassionate relief under the First Step Act must first file a request with the [Bureau of Prisons].").

Young has provided no documentation related to any Bureau of Prisons administrative requests, or any notice of denial of such request from the Bureau of Prisons. The record is simply devoid of any evidence that Young exhausted a request for compassionate release. Young must first present his request to the Bureau of Prisons and present this Court with documentation of such

2

request. Young's request for compassionate release, as presented, is unexhausted and, thus, this Court may not consider it.

Accordingly, the motion for compassionate release filed by Young is **DENIED WITHOUT PREJUDICE** as premature. He may re-urge such motion if he exhausts his administrative remedies as required by Section 3582(c)(1)(A).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 30th day of August, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE